By the Court.
Duer, J.
The preliminary objections that the check in suit was not duly protested for non-payment, and that, if dishonored, due notice of the dishonor was not given to the defendant, were properly overruled by the referee. As the defendant had no funds in the bank upon *133 which the check was drawn, he was not entitled to notice, and had he been notified, his subsequent promise to pay the check would have been a waiver of the defence. We must therefore consider the case upon its merits, and determine whether the finding of the referee in favor of the defendant was agreeable to law and to the evidence.
The check was proved to have been given by the defendant, and it is not denied that the referee was bound to presume that it was founded upon a valid consideration. Hence the bur-then of proof was cast upon the defendant. The presumption which the law raises in these cases, is not absolute; it may be repelled, but it can only be repelled by positive affirmative proof. It can only be repelled by showing its falsity; and its falsity is not shown unless it is a necessary deduction from the facts that are proved. The presumption remains, so long as its truth may be reconciled with the evidence. The application of these remarks will hereafter be seen.
The reasoning of the referee upon the facts of the case seems to have been as follows: — As the original debt to the plaintiffs was contracted by the defendant, not on his own account, but as the agent of Hall, he was not personally liable for its payment ; consequently there was no meritorious consideration for the promissory note, which, at the solicitation of the plaintiffs, he consented to give; and as the check was founded upon this note, it is a necessary consequence that there Ayas no consideration for the check.
We confess that this reasoning has failed to satisfy us. It may be true that the defendant was not originally liable for the debt to the plaintiffs; and it may also be true that the note which he gave was void in its origin. Upon these, questions we forbear to express any definite opinion; but, admitting these to have been rightly decided in favor of the defendant, it by no means follows that he was not liable for the debt when he gave his check for its payment; nor that his note, although void in its origin, had not been rendered valid by subsequent circumstances.
Let it be admitted, as the counsel for the defendant insisted, *134 that when the defendant gave his note, it was the understanding of the parties that he should not be liable for its payment at all, unless its amount should be allowed to him in the settlement of his accounts with the administrator of Hall; but that in this event, he was to be liable,.has not-been denied and cannot be doubted. That such was the intention of the parties when the note was given, is placed beyond the reach of doubt, by the' terms of the receipt, which at that time was delivered to the defendant. For aught that appears, the credit which, by the terms of the receipt, he was to claim from the estate of Hall, has been allowed to him. For aught that appears, he may have received from the estate, before he gave his check, the whole amount of his note. The legal presumption, therefore, of a valuable consideration for the check, is entirely consistent with the evidence, and, so far from having been disproved, it retains all its original force.
But we do not stop here; the case is far stronger than we have stated it. Not only is the presumption of law unrepelled, but there is an additional presumption arising from the facts of the case, which the defendant has wholly failed to meet, and which, unexplained, strike the mind with the force of a positive conviction. What are the facts ? There is no evidence to show, nor the slightest reason to suppose, that there was any special agreement in relation to the check. We are told that the note which the defendant gave was an accommodation note, but it would be absurd to say that the check was an accommodation check, and that the plaintiffs were to provide the funds for its payment. Nor can it be pretended that it was a lent check, the amount of which, if paid by the bank, the plaintiffs were afterwards to refund to the defendant. It is expressly sworn, that after it had been ascertained that the defendant had no funds in the bank, he admitted his liability on the check, and promised to pay it. It is therefore not merely the presumption of law, but the necessary result of the evidence, that the check was given and accepted for the purpose of satisfying a debt which the defendant acknowledged to be then due; and it is quite incredible that this acknowledgment would *135 have been made if the fact were otherwise. If the understanding of the parties really were that the defendant was not to be liable upon the note at all, unless its amount should be allowed to him from the estate of Hall, and if his claim upon the estate ’had been made and rejected, is it not morally certain that, instead of giving his check, he would havé demanded, as he most justly might, the return of his note and of the money he had previously paid ? If he were not to be liable at all, unless he collected the debt from the estate of Hall, was not his admission of this liability.an admission of the fact of such collection ? and does not the probable inference grow into certainty, when we reflect that if the administrator of Hall had rejected his claim upon the estate, it was in his power to have proved the fact, and that ho such evidence was given or offered? We do not hesitate to say, that if this evidence existed, and would have been a defence, he was bound to produce it; but we are not prepared to say that this evidence, if given, would have released him from his liability. Perhaps, under the peculiar circumstances of the case, he is estopped from denying that there was an adequate consideration for the check. The plaintiffs held his promissory note as evidence of a subsisting debt, and upon that ground demanded its payment; and, under these circumstances, the surrender of the note was, perhaps, a sufficient and full consideration. The check was also for a much less sum than the original note, and may therefore have been the result of a compromise; nor is the inference disproved by the fact that he had made a previous payment oh the note, since the amount of that payment does not appear. Upon the questions which these circumstances suggest, as they may hereafter arise, we reserve our final opinion, contenting ourselves with now intimating to the counsel for the defendant, that the law is well settled, that the giving up of a doubtful right is, in all cases, a sufficient consideration to support a promise, and that, when no fraud can be imputed, a promissory note, or . other security given upon the compromise of an existing claim, is undoubtedly valid, even where the claim itself may be shown to have been wholly groundless. (1 Brownlow, 6; 1 Rolle R.' *136 23; Com. Dig, Tit. Assumpsit F. 8; Langridge v. D'Orville, 5 B. & Ald. 197; Russel v. Cooke, 3 Hill, 504 ; hitty on Contracts, 42, 43, note 1.)
We add-a., general observation.- • We cannot think'that a defence which is. rested upon the single ground of the- absence of a, valuable consideration,, deserves much favor in a court of justice.- Where the promise is delibérate, and is reduced to writing, the rule .of law which permits' the defence, (although the fact, is .otherwise stated by many of our-text writers,) is almost peculiar to our.own jurisprudence; and is condemned by the general sense, of legislators and-jurists, as well as of merchants. Still, .as the-rule undoubtedly exists, it must be" obeyed, and the-defence,.when clearly, established, be admitted to prevail.; but it ■ is not inconsistent to say; that, considering the-nature.:of the .defence, the party who relies upon it should-be held to the strictest proof, and every doubt that he suffers to remain, be decided against him. In the present case,'however, these, observations are . not necessary to justify our- decision, since our. objections, to the defence apply not merely to the sufficiency .of its-proof, but to the reality of .its existence.
.Eor the reasons-that have been given, the report of the referee must be set aside, and a re-hearing granted, with costs, to abide, the event.